UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 4812**

*Judge Hellerstein*

CHROME HEARTS LLC

        Civil Action No.

        Plaintiff,

v.

GUESS?, INC.

JUN 0 6 2007

        Defendant.

## COMPLAINT

        Plaintiff, **Chrome Hearts LLC**, by its attorneys, as and for its complaint, alleges upon information and belief:

**THE PARTIES**

        1. Plaintiff **Chrome Hearts LLC** ("Chrome Hearts") is a limited liability company organized and existing under the laws of the State of Delaware, with an office and place of business at 915 N. Mansfield, Los Angeles, California 90038.

        2 (a). Upon information and belief, defendant **Guess?, Inc.** is a California corporation with a principal place of business at 1444 S. Alameda Street, Los Angeles, California 90021; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Guess?, Inc.** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure. Defendant **Guess?, Inc.** is hereinafter referred to as "Defendant".

**JURISDICTION**

3. The first claim herein arises under the Copyright Laws of the United States, 17 U.S.C. §101 *et seq.*, the second claim herein arises under the Federal Trademark Act of 1946, 15 U.S.C. §1051 *et seq.* and, accordingly, subject matter jurisdiction for these claims is conferred on this Court by virtue of 17 U.S.C. §501 *et seq.* and 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

4. The third claim herein arises under the law of unfair competition and the statutes of the State of New York and is a claim joined with substantial and related claims under the Trademark Laws of the United States and, accordingly, subject matter jurisdiction for the fourth claim is conferred on this Court by virtue of 38 U.S.C. §1338 (b) and the doctrine of pendent jurisdiction.

5. Venue is founded on 28 U.S.C. §1391 (b) and (c) and §1400 (a).

**COMMON ALLEGATIONS**

6. Chrome Hearts has been designing, manufacturing and selling artistically styled leather goods, apparel, jewelry and accessories since early 1989.

7. The products, and/or their packaging of all Chrome Hearts goods all bear the trademark **CHROME HEARTS**.

8. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles and a wide collection of other products, including its recent line of custom, one-of-a-kind furniture.

9. Chrome Hearts pioneered the idea of combining the look of rugged motorcycle looking apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection

2

with leather clothing. Once thought of as only a look for outlaw motorcyclists, Chrome Hearts has created a fashion niche that is now coveted in the upper most fashion circles.

10. Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N' Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts' fashions. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Browns of London and the United Arrows and Intellectual Galleries boutiques in Japan.

11. In 1993, the Council of Fashion Designers of America ("CFDA") presented plaintiff Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

12. All Chrome Hearts products are hand made in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

13. Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

14. Since 1991, Chrome Hearts' products have generated sales at retail of over Three Hundred Fifty Million Dollars ($350,000,000).

15. Plaintiff Chrome Hearts is the owner of U.S. Registration No. 1,665,791 for the **CHROME HEARTS** mark in International Classes 14, 18, 25 and 26; U.S. Registration No. 2,216,570 for the **CHROME HEARTS plus the Scroll Design** mark in International Class 14; U.S. Registration No. 2,216,575 for the **CHROME HEARTS plus the Horseshoe Design** mark in

International Class 25; U.S. Registration No. 2,118,026 for the **CHROME HEARTS plus the Scroll Design** mark in International Classes 18 and 25; U.S. Registration No. 2,214,642 for the **CHROME HEARTS plus the Dagger Design** mark in International Class 18 and U.S. Registration No. 2,214,641 for the **CHROME HEARTS plus the Dagger Design** mark in International Class 25 (collectively referred to herein as the "Chrome Hearts Mark"). Chrome Hearts is entitled to the exclusive use and benefit of all of its Registrations.

16. The Chrome Hearts Mark has come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

17. Among many other copyright registrations, Chrome Hearts is the owner of Copyright Registration No. 705-234 for the **Classic Oval Design** belt buckle (hereinafter the "Copyrighted Work"). Annexed hereto and identified as *Exhibit 1* is a copy of the Registration for the Copyrighted Work. Also annexed hereto and identified as *Exhibit 2* is a photograph of the Copyrighted Work.

18. Chrome Hearts has duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the work protected by the copyright laws.

**Defendant's Infringing Activities**

<u>COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101 ET SEQ.</u>

19. As the owner of the Copyrighted Work, plaintiff Chrome Hearts is entitled to exclusively use this design without the unauthorized use by third parties. Given the widespread popularity of the Chrome Hearts designs, Defendant had access to the work and upon information and belief Defendant has knowingly infringed upon Chrome Hearts' copyrighted belt buckle design by manufacturing, distributing and selling piratical copies of the buckle through its on line store at

www.guess.com and retail stores nationwide to the public in violation of 17 U.S.C. §501.

20. Upon information and belief, Defendant has intentionally, knowingly and willfully copied Chrome Hearts' Copyrighted Work to benefit from the widespread customer recognition and acceptance of the Chrome Hearts' designs and to capitalize upon the market created by plaintiff Chrome Hearts for its designs. Defendant has manufactured and sold its infringing copies to various customers throughout the United States, including within this judicial district. Annexed hereto and identified as *Exhibit 3* is a photograph of Defendant's infringing belt buckle as it appears and is offered for sale on Defendant's website.

21. Upon information and belief, the aforesaid infringement by Defendant of plaintiff Chrome Hearts' Copyrighted Work was and continues to be with the knowledge that such design is copyrighted and the Defendant, in doing the acts complained of herein, has willfully infringed upon Chrome Hearts' rights under the Copyright Laws of the United States, Title 17 U.S.C. §101, et seq.

22. Defendant's copy of Chrome Hearts' Copyrighted Work is identical to plaintiff Chrome Hearts' genuine Copyrighted Work. There can be no doubt that Chrome Hearts' copyrighted design was employed to manufacture the molds used to make Defendant's piratical copy.

23. Defendant's infringement of plaintiff Chrome Hearts' Copyrighted Work is to the great and irreparable damage of plaintiff, and plaintiff Chrome Hearts is informed and believes, as indicated, that Defendant will continue such infringement unless enjoined by this Court.

24. Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Seven Hundred Thousand Dollars ($700,000).

### FEDERAL UNFAIR COMPETITION

25. Plaintiff Chrome Hearts repeats and realleges every allegation contained paragraphs 1 through 16, 20, 22 and 23 as though fully set forth herein.

26. This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq., particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

27. By reason of the marketing, celebrity status and unsolicited press coverage generated for Chrome Hearts' products at the trade and consumer levels, and the unique quality of the products comprising the entire line of plaintiff's, these products are recognized by the trade and consumers as being products designed and hand crafted by plaintiff Chrome Hearts.

28. Chrome Hearts' products have become widely known among purchasers as articles that are designed and manufactured by plaintiff. These products are known to be quality items, with unique designs, made with the highest quality materials, and embodying expert craftsmanship.

29. The goodwill of the plaintiff Chrome Hearts and the favorable reputation residing in Chrome Hearts' products is a valuable asset belonging to plaintiff.

30. Defendant, with knowledge of the widespread recognition of Chrome Hearts' products among the relevant segment of the market and with the specific intent to exploit that recognition, has undertaken to make and sell piratical copies of plaintiff's Copyrighted Work. It is Defendant's intention to have their ultimate purchasers believe that Defendant's copies are made by plaintiff Chrome Hearts and that persons who see Defendant's products being worn by Defendant's ultimate purchasers believe that the copies emanate from plaintiff Chrome Hearts.

31. By reason of Defendant's sale of copies of the Copyrighted Work, the public has been and is being mislead as to the nature and quality of goods being sold by Defendant, in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

32. By reason of the foregoing, Defendant has used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendant with plaintiff Chrome Hearts or as to the origin, sponsorship, or approval of Defendant's products, services or commercial activities by plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of plaintiff Chrome Hearts.

33. Plaintiff Chrome Hearts has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Seven Hundred Thousand Dollars ($700,000).

## COMMON LAW UNFAIR COMPETITION

34. As a complete and third ground for relief, plaintiff Chrome Hearts hereby charges Defendant with common law unfair competition under the laws of the State of New York, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 20, 22, 23 and 25 through 33 hereof as though fully set forth herein.

35. Defendant's manufacturing, distribution and sale of their infringing products incorporating the distinctive designs of plaintiff Chrome Hearts' products is likely to cause confusion between such products and the goods sold by plaintiff Chrome Hearts, thus constituting an infringement of plaintiff's valuable common law rights.

36. Upon information and belief, Defendant is "palming off" its infringing products as the high quality merchandise of plaintiff Chrome Hearts, and is knowingly enabling others to do the same and is thus deliberately and knowingly misappropriating and diverting plaintiff's valuable

proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with plaintiff.

37. Upon information and belief, Defendant's unfair competition has caused and, if allowed to continue, will continue to cause sales of plaintiff's products to be lost and/or diverted to Defendant. Further, Defendant's unfair competition has caused substantial and irreparable damage and injury to plaintiff and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to plaintiff.

38. Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Seven Hundred Thousand Dollars ($700,000).

WHEREFORE, plaintiff demands:

A. that Defendant, its officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendant, be preliminarily and permanently enjoined from infringing upon plaintiff's Copyrighted Work or any copyrighted design owned by plaintiff and from manufacturing, promoting, advertising and selling any product substantially similar to the copyrighted work of plaintiff, or any work substantially similar to the proprietary designs of plaintiff;

B. that Defendant, its officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendant, be preliminary and permanently enjoined from competing unfairly with plaintiff, from falsely representing and falsely designating the origin of Defendant's goods, from diluting the distinctive quality of plaintiff's trademark and from engaging in false advertising;

C. that Defendant be required to pay to plaintiff Chrome Hearts damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by

Defendant by the sale or advertisement of the Copyrighted Work or any work confusingly similar thereto; represented or advertised by Defendant to be a genuine Chrome Hearts product or its equivalent;

    D. that the piratical copies of Plaintiff's belt buckle be recalled from all of Defendant's retain and on line stores and surrendered to Plaintiff for destruction;

    E. that plaintiff be awarded statutory damages by reason of the infringement of plaintiff's Copyrighted Work;

    F. that plaintiff be awarded treble damages, punitive damages, reasonable attorneys fees and the costs and disbursements of this action;

    G. that plaintiff be granted an award of punitive damages in view of the willful and malicious nature of Defendant's tortious acts; and,

    H. that plaintiff have such other and further relief as the Court deems just and equitable.

Dated: New York, New York
    June 6, 2007

                Respectfully submitted,

                TUCKER & LATIFI, LLP
                *Attorneys for Plaintiff*
                160 East 84th Street
                New York, NY 10028
                (212) 472-6262

                Afschineh Latifi (AL 4828)

FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REG... VA 705-234

EF... ...TE OF REGISTRATION

MAR 28 1995
Month   Day   Year

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*
REGISTER OF COPYRIGHTS
United States of America

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼
Classic Oval

NATURE OF THIS WORK ▼ See instructions
JEWELRY DESIGN

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2 a** NAME OF AUTHOR ▼
CHROME HEARTS, INC.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
X Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

NATURE OF AUTHORSHIP   Check appropriate box(es).   See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   X Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP   Check appropriate box(es).   See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given
1990   ◀ Year in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ November   Day ▶ 7   Year ▶ 1990
U.S.A.

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
CHROME HEARTS, INC.
937 North Citrus Avenue
Hollywood, California 90038

APPLICATION RECEIVED
MAR 28 1995
ONE DEPOSIT RECEIVED
MAR 28 1995
TWO DEPOSITS RECEIVED

TRANSFER If the claimant(s) named here in space 2, give a brief statement of how the cla...

...E NUMBER AND DATE

# Exhibit 1

MORE ON BACK ▶   • Complete all applica...
• See detailed instruct...

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY JM

CHECKED BY

☐ CORRESPONDENCE Yes

FORM VA

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼       Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼  ROBBINS, BERLINER & CARSON     Account Number ▼  DA 026964

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼
John P. Spitals
c/o ROBBINS, BERLINER & CARSON
201 N. Figueroa Street, 5th Floor
Los Angeles, California 90012-2628
Area Code and Telephone Number ▶ (213) 977-1001

Be sure to give your daytime phone number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  CHROME HEARTS, INC.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
John P. Spitals                                               date ▶ March 24, 1995

Handwritten signature (X) ▼
[signature]

**8**

MAIL CERTIFICATE TO

Name ▼
John P. Spitals, c/o  ROBBINS, BERLINER & CARSON

Number/Street/Apartment Number ▼
201 N. Figueroa Street, 5th Floor

City/State/ZIP ▼
Los Angeles, California 90012-2628

Certificate will be mailed in window envelope

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

The Copyright Office has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

*17 U.S.C. § 506(e). Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000                                                                                 U.S. GOVERNMENT PRINTING OFFICE: 1993 342-582/60 501



Plaintiff's Classic Oval Belt Buckle

Exhibit 2





# GUESS

Join Our Email | My Wish List | My Account | Shopping Bag 0

WOMEN   MEN   ACCESSORIES   SHOES

SEARCH



**Gothic Cross Belt**
A bold addition to your accessories wardrobe. Distressed genuine leather belt. Adjsutable silver buckle with a filligree gothic cross.

- 1 1/2" panel
- Domestic and/or imported

35914

Click Swatch To View Color


Color    BLACK

Size     34     Size Chart

Qty      1

Price:   $40.00

ADD TO BAG   SAVE TO WISHLIST

CUSTOMER CARE   TRACK ORDER   GIFT CARDS   STORES   ABOUT GUESS   GUESS.CA   MARCIANO.COM
GUESS KIDS

© GUESS, Inc. 2007 All Rights Reserved.
Sitemap - Privacy Policy - Terms & Conditions - GUESS Inc.

# Defendant's Infringing Belt Buckle

# Exhibit 3

http://guess.com/ProductDetails.aspx?style=35914&image=35914-BLK&root_category=59    4/24/2007