UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHROME HEARTS LLC

                Plaintiff(s),

-against-

GUESS ? INC., ET AL.

                Defendant(s).

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/07    (Effective 3/1/02)

07 Civ. 4812 (AKH)

**CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B.    Non-Expert Discovery:

    1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by March 15, 2008, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

        a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

    2.    Joinder of additional parties must be accomplished by November 30, 2007.

    3.    Amended pleadings may be filed without leave of the Court until November 30, 2007.

Page 1 of 6

C.  For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D.  Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

   1.  Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be May 28, 2008. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

      a.  There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

      b.  Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

   2.  Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is June 4, 2008, at _____.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

   3.  Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on _July 20, 2008_ at ____.m. (The Court will set this date at the Initial Case Management Conference.)

E.  Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected

Page 2 of 6

by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED: New York, New York

Sep 7, 2007



ALVIN K. HELLERSTEIN
United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Interrogatories | March 15, 2008 |
| 2. Document Requests | March 15, 2008 |
| 3. Depositions | March 15, 2008 |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1.   **PLAINTIFF'S CLAIMS:**


## See attached sheet


2.   **COUNTERCLAIMS AND CROSS-CLAIMS:**




3.   **THIRD-PARTY CLAIMS:**



Page 5 of 6

      A copyright owner may elect either actual or statutory damages for copyright infringement: "(a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either: (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. §504(a)

Section 504(b) of the Copyright Act provides as follows:

> "(b) Actual Damages and Profits. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."

Section 504(b) of the Copyright Act enables a prevailing plaintiff to recover the actual damages suffered by him or her as a result of the infringement. . . . In general, a copyright owner's actual damages are equal to the profits she would have accrued but for defendant's infringement." *Banff Ltd. v. Express, Inc.*, 921 F.Supp. 1065,1068 (S.D.N.Y.,1995)(internal citations omitted).

In the present case Defendants sold approximately 3,400 buckles for $42.00 each. Plaintiff has yet to obtain reliable information on Defendants' profits, but using markups typical in the industry Defendants made at least $30.00 from the sale of each infringing buckle, for a total of over $150,000.

Additionally, Plaintiff sells its genuine sterling silver buckles at retail for approximately $1,200.00 each. Thus, Plaintiff's actual lost sales are easily in the seven figures.

As discussed above, Plaintiff may also elect to obtain statutory damages. Section 504(c) of the Copyright Act states, in pertinent part:

> "(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."

17 U.S.C. §504(c)(1)-(2).

Plaintiff reserves the right to amend these calculations as it obtains discovery from Defendants.