Douglas F. Broder (DB 8406)
Rebecca Misner (DB 8086)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone:    212-536-3900
Facsimile:    212-536-3901
Email: douglas.broder@klgates.com
Email: rebecca.misner@klgates.com

Mark D. Baute (California State Bar No. 127329)
BAUTE & TIDUS LLP
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
Email: mbaute@bautelaw.com

Attorneys for Defendant GUESS?, Inc., Cipriani Accessories, Inc.,
The Max Leather Group, Inc., and Jarrod Mark Kahn.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHROME HEARTS LLC,<br><br>            Plaintiff,<br><br>        v.<br><br>GUESS?, INC., MACY'S INC.; CIPRIANI ACCESSORIES, INC.; THE MAX LEATHER GROUP, INC.; And JARROD MARK KAHN, an individual,<br><br>            Defendants. | Index Number:  07 CV 4812  (AKH)<br><br>Judge: Honorable Alvin K. Hellerstein<br><br>**DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT** |

100583

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, GUESS?, INC., (hereafter, "GUESS?"), CIPRIANI ACCESSORIES, INC. ("Cipriani"), THE MAX LEATHER GROUP, INC. ("Max Leather"), and JARROD MARK KAHN ("Kahn") (hereafter collectively, "Defendants") hereby answer and respond to the plaintiff CHROME HEARTS, LLC's (hereinafter, "Chrome") First Amended Complaint as follows:

### THE PARTIES

1. Answering Paragraph 1, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

2. Answering Paragraph 2(a), Defendants deny that GUESS? is a California corporation. Defendants admit that GUESS?'s principal place of business is 1444 S Alameda Street, Los Angeles, CA 90021. Defendants lack information and belief concerning the remainder of the allegations contained in this Paragraph and on that basis deny those allegations.

3. Answering Paragraph 2(b), Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

4. Answering Paragraph 2(c), Defendants admit that Cipriani has a place of business at 1415 Redfern Avenue, Far Rockaway, New York, 11691. Defendants lack information and belief concerning the remainder of the allegations contained in this Paragraph and on that basis deny those allegations.

5. Answering Paragraph 2(d), Defendants admit that Max Leather has a place of business at 1415 Redfern Avenue, Far Rockaway, New York, 11691. Defendants lack information and belief concerning the remainder of the allegations contained in this Paragraph and on that basis deny those allegations.

6. Answering Paragraph 2(e), Defendants admit that Kahn is an individual residing at 408 East 79th Street, Apartment A, New York, NY 10021. Defendants lack information and belief concerning the remainder of the allegations contained in this Paragraph and on that basis deny those allegations.

### JURISDICTION

7. Answering Paragraph 3, Defendants admit that this Court has subject matter jurisdiction over the copyright and trademark infringement claims as alleged in the First Amended Complaint.

8. Answering Paragraph 4, Defendants admit that the Court has supplemental jurisdiction over the New York and common law claims as alleged in the First Amended Complaint.

9. Answering Paragraph 5, Defendants admit that venue in this judicial district is proper.

**COMMON ALLEGATIONS**

10. Answering Paragraph 6, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

11. Answering Paragraph 7, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

12. Answering Paragraph 8, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

13. Answering Paragraph 9, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

14. Answering Paragraph 10, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

15. Answering Paragraph 11 (erroneously labeled as Paragraph 10), Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

16. Answering Paragraph 12, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

17. Answering Paragraph 13, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

18. Answering Paragraph 14, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

19. Answering Paragraph 15, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

20. Answering Paragraph 16, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

21. Answering Paragraph 17, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

100583

22.     Answering Paragraph 18, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

**COMMON ALLEGATIONS**

**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.**

23.     Answering Paragraph 19, Defendants deny, generally and specifically, each and every allegation contained therein.

24.     Answering Paragraph 20, Defendants deny, generally and specifically, each and every allegation contained therein.

25.     Answering Paragraph 21, Defendants lack information and belief concerning the allegations contained in this Paragraph and on that basis deny those allegations.

26.     Answering Paragraph 22, Defendants deny, generally and specifically, each and every allegation contained therein.

27.     Answering Paragraph 23, Defendants deny, generally and specifically, each and every allegation contained therein.

28.     Answering Paragraph 24, Defendants deny, generally and specifically, each and every allegation contained therein.

29.     Answering Paragraph 25, Defendants deny, generally and specifically, each and every allegation contained therein.

**FEDERAL UNFAIR COMPETITION**

30.     Answering Paragraph 26, Defendants adopt and incorporate herein by reference each of its allegations, denials, and admissions contained in paragraphs 1 through 21, 23, and 24 as though set forth in full.

31.     Answering Paragraph 27, Defendants deny, generally and specifically, each and every allegation contained therein.

32.     Answering Paragraph 28, Defendants deny, generally and specifically, each and every allegation contained therein.

33.     Answering Paragraph 29, Defendants deny, generally and specifically, each and every allegation contained therein.

34.     Answering Paragraph 30, Defendants deny, generally and specifically, each and every allegation contained therein.

35. Answering Paragraph 31, Defendants deny, generally and specifically, each and every allegation contained therein.

36. Answering Paragraph 32, Defendants deny, generally and specifically, each and every allegation contained therein.

37. Answering Paragraph 33, Defendants deny, generally and specifically, each and every allegation contained therein.

38. Answering Paragraph 34, Defendants deny, generally and specifically, each and every allegation contained therein.

### COMMON LAW UNFAIR COMPETITION

39. Answering Paragraph 35, Defendants adopt and incorporate herein by reference each of its allegations, denials, and admissions contained in paragraphs 1 through 21, 23, 24, 28 through 31 and 33 as though set forth in full.

40. Answering Paragraph 36, Defendants deny, generally and specifically, each and every allegation contained therein.

41. Answering Paragraph 37, Defendants deny, generally and specifically, each and every allegation contained therein.

42. Answering Paragraph 38, Defendants deny, generally and specifically, each and every allegation contained therein.

43. Answering Paragraph 39, Defendants deny, generally and specifically, each and every allegation contained therein.

### PRAYER

44. Defendants deny that Chrome is entitled to the relief sought in Paragraph A of the First Amended Complaint.

44. Defendants deny that Chrome is entitled to the relief sought in Paragraph B of the First Amended Complaint.

45. Defendants deny that Chrome is entitled to the relief sought in Paragraph C of the First Amended Complaint.

46. Defendants deny that Chrome is entitled to the relief sought in Paragraph D of the First Amended Complaint.

47. Defendants deny that Chrome is entitled to the relief sought in Paragraph E of the First Amended Complaint.

100583

48. Defendants deny that Chrome is entitled to the relief sought in Paragraph F of the First Amended Complaint.

49. Defendants deny that Chrome is entitled to the relief sought in Paragraph G of the First Amended Complaint.

50. Defendants deny that Chrome is entitled to the relief sought in Paragraph H of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

51. As affirmative defenses to each and every claim for relief alleged in the First Amended Complaint, Defendants respond as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

52. The First Amended Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Conduct Not "Fraudulent" Nor "Likely to Mislead")

53. Defendants' practice of producing, distributing, promoting, and selling the products at issue do not and are not likely to confuse, mislead, harm, or deceive the consumer public, in that: (a) Defendants' products do not infringe any valid or enforceable trademark, trade dress, copyright, or any other intellectual property owned by Chrome; (b) Chrome's products are not inherently distinctive and have not acquired any secondary meaning; (c) the consumer public does not readily identify products similar to Chrome's with a single source; and (d) Defendants are clearly identified as the source of its products.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

54. Defendants are informed and believe, and on that basis allege, that Chrome has failed to exercise reasonable care and diligence to avoid or mitigate its damages, if any. Accordingly, in the event that Defendants are found liable to Chrome in any amount, Defendants are entitled to have that amount reduced to the extent Chrome could have avoided or reduced its alleged losses by the exercise of reasonable care and diligence.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

55. Any and all acts alleged by Chrome to have been performed by or on behalf of Defendants were performed, if at all, in good faith, without malice, and were based upon legally sufficient justification.

## FIFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

56. Any and all acts of infringement alleged by Chrome to have been performed by or on behalf of Defendants were unintended, unavoidable, and innocent.

## SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

57. Chrome's causes of action, and their accompanying requests for injunctive relief and restitution, are barred in light of the fact that Chrome has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

58. Each claim in the First Amended Complaint is barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

59. Each claim in the First Amended Complaint is barred by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

60. Each claim in the First Amended Complaint is barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Abandonment)

61. Each claim in the First Amended Complaint is barred by Chrome's abandonment of its marks.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Generic Marks)

62. Each claim in the First Amended Complaint is barred because Chrome's marks are generic.

## TWELFTH AFFIRMATIVE DEFENSE
### (Fair Use)

63. Each claim in the First Amended Complaint is barred because any use of Chrome's marks constituted fair use of such marks.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

64. Each claim in the First Amended Complaint is barred by Chrome's misuse of its marks.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Authorized Use)

65. Each claim in the First Amended Complaint is barred because any use of Chrome's marks was authorized by Chrome.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

66. Defendants reserve the right to assert other affirmative defenses as they become known during the course of discovery, and hereby specifically reserves the right to amend its Answer to allege said affirmative defenses at such time as they become known.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment against Chrome as follows:

1. That Chrome take nothing by its First Amended Complaint and be granted no legal or equitable relief;

2. That the First Amended Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs in this action, including attorneys' fees; and

4. That the Court award Defendants such further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in this action.

November 15, 2007

        KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

        Douglas F. Broder, Esq. (DB 8406)
        599 Lexington Avenue
        New York, New York 10022
        Telephone: 212-536-3900
        Facsimile: 212-536-3901
        Email: douglas.broder@klgates.com
        *Attorneys for Defendants, GUESS?, Inc., Cipriani Accessories, Inc., The Max Leather Group, Inc., and Jarrod Mark Kahn*

        BAUTE & TIDUS LLP*

By: _/s/ Mark Baute_

        Mark D. Baute, Esq.
        777 South Figueroa Street, Suite 4900
        Los Angeles, California 90017
        Telephone: 213-630-5001
        Facsimile: 213-683-1225
        Email: MBaute@bautelaw.com
        *\*Admitted Pro Hac Vice*
        *Attorneys for Defendants, GUESS?, Inc., Cipriani Accessories, Inc., The Max Leather Group, Inc., and Jarrod Mark Kahn.*

100583

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHROME HEARTS LLC.,

        Plaintiff,

    v.

GUESS?, INC., MACY'S INC.; CIRPRIANI ACCESSORIES, INC.; THE MAX LEATHER GROUP, INC.; And JARROD MARK KAHN, an individual,

        Defendants.

Index Number: 07 CV 4812 (AKH)

Judge: Honorable Alvin K. Hellerstein

**AFFIDAVIT OF SERVICE**

STATE OF CALIFORNIA    )
                                  ) ss.
COUNTY OF LOS ANGELES    )

    I, Leticia G. Larios, BEING DULY SWORN, DEPOSES AND SAYS:

I am not a party to this action and I am over 18 years of age.

    1.    On November 15, 2007 , I **caused** to be served by Facsimile and Regular Mail upon:

    Brent H. Blakely, Esq.  (bblakely@blakelylawgroup.com)
    Cindy Chan, Esq.    (cchan@blakelylawgroup.com)
    BLAKELY LAW GROUP
    915 North Citrus Avenue
    Hollywood, California 90038
    Telephone: 323-464-7400
    Facsimile: 323-464-7410

                **and**

    Robert Tucker, Esq.  (rtucker@tuckerlatifi.com)
    Afshineh Latifi, Esq.  (alatifi@tuckerlatifi.com)
    TUCKER & LATIFI LLP
    160 East 84th Street
    New York, New York, 10028
    Telephone: 212-472-6262
    Facsimile: 212-744-6509

true and correct copies of the following listed document(s):

        **DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**

Dated: November 15, 2007

                                                      _____
                                                      Leticia G. Larios